SUMMARY ORDER
Plaintiff-appellant Dr. Enrico Bondi, Extraordinary Commissioner of Parmalat Finanziaria S.p.A. and affiliates, appeals two orders of the district court. The orders modified a preliminary injunction that had been entered by the Bankruptcy Court for the Southern District of New York under 11 U.S.C. § 304 and that barred litigation in the United States against plaintiff-appellant. Although the orders addressed several modifications to the injunction, the only modifications contested before us are those that allow defendants-appellees Grant Thornton International and Grant Thornton LLP to file third party claims for contribution against plaintiff-appellant in a multi-party securities class action.
Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.
We review a lower court’s analysis of the factors under § 304(c) for abuse of discretion. Bank of New York v. Treco (In re Treco), 240 F.3d 148, 155 (2d Cir.2001). A court abuses its discretion when it makes an error of law or clearly erroneous factual finding, or its decision “cannot be located within the range of permissible decisions.” See Zervos v. Verizon N.Y. Inc., 252 F.3d 163, 169 (2d Cir.2001). As we have said, “ § 304(c) calls for a case-specific exercise of discretion in light of all of the circumstances.” Treco, 240 F.3d at 156.
Plaintiff-appellant’s arguments for why the injunction should not be modified primarily revolve around the factor listed in § 304(c)(5) — comity.[1] Indeed, we have *919 noted that “comity is the ultimate consideration in determining whether to provide relief under § 304,” but “a court’s function under § 304 is to determine whether comity should be extended to a foreign proceeding in light of the other factors.” Id,; see also id. (observing that “comity does not ... automatically override the other specified factors”). Plaintiff-appellant’s most pressing concern with respect to comity appears to be the diminution of estate assets that might accompany a third party defense of the securities action.[2] Yet plaintiff-appellant conceded at oral argument that at least some overlap exists between the securities action and the actions in which plaintiff-appellant is already engaged in the United States. In any event, the district court’s decision to leave the enforcement (or not) of any judgment against plaintiff-appellant to the Italian courts was a sufficient measure of deference and comity. Moreover, given that the statute’s primary concern is with the “economical and expeditious administration of [the] estate,” § 304(c), we cannot say that the district court’s decision to modify the injunction to allow the third party claims to be liquidated here “cannot be located within the range of permissible decisions.” Zervos, 252 F.3d at 169.
Plaintiff-appellant asserts with citation to other cases that the district court should not have taken into account its offensive litigation in U.S. fora or the impact of impleader on the likelihood of settlement of this litigation. That other courts have treated these considerations differently does not establish that the district court in this case erred as a matter of law or reached a decision that cannot be located within the range of permissible decisions. See Treco, 240 F.3d at 156 (observing that “we are not bound by [other] decisions affording comity to Bahamian bankruptcy proceedings ... because § 304(c) calls for a case-specific exercise of discretion in light of all of the circumstances”).
Accordingly, for the reasons set forth above, the orders of the district court are hereby AFFIRMED.
Plaintiff-appellant has filed a motion under docket number 07-2949. This order hereby moots the motion with respect to the request to consolidate 07-2949 with 07-0685 and 07-1113. The remaining portion of the motion, requesting an expedited schedule for briefing and oral argument for 07-2949, is hereby referred to an applications judge for decision.

. Indeed, the plaintiff-appellant states that "a U.S. court, in a domestic variant of this case (say a home bankruptcy court in Ohio rather than Italy), might grant relief from the U.S. stay....” Appellant Br. at 16 (emphasis in original). Yet, as the district court explained, "the question is whether liquidation of the contribution claim here would help or hurt the Italian bankruptcy court, not how a similar claim would be treated if Parmalat were a *919 U.S. debtor.” In re Parmalat Sec. Lit., 472 F.Supp.2d 582, 586 (S.D.N.Y.2007).

. As an initial matter, it appears to us that the district court considered at least some such diminution. See In re Parmalat Sec. Lit., 472 F.Supp.2d at 587.